07-3432-ag
Hoodho v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: January 16, 2009)                    Decided: February 6, 2009)

Docket No. 07-3432-ag

MAHIRAM HOODHO,

*Petitioner*,

v.

ERIC H. HOLDER, JR.,

*Respondent.*[*]

Before: CABRANES and LIVINGSTON, *Circuit Judges*, and EATON, *Judge.*[**]

Petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming a removal order entered after counsel for petitioner conceded removability before an Immigration Judge ("IJ"). We hold that an IJ is authorized to accept a concession of removability where, as here, it is not plainly contradicted by the record evidence. The acceptance by an IJ of a plausible concession of removability is an unremarkable feature of removal proceedings and therefore cannot constitute "egregious circumstances" that would free a represented party from the concessions of his attorney. Petitioner is therefore bound by his attorney's concession.

Denied.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey.

[**] The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

DOUGLAS F. BRODER (Brian D. Koosed, *on the brief*), K&L Gates, New York, NY, *for Petitioner Mahiram Hoodho.*

R. ALEXANDER GORING, Trial Attorney (Gregory G. Katsas, Assistant Attorney General, Michelle G. Latour, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, *for Respondent Eric H. Holder, Jr.*

JOSÉ A. CABRANES, *Circuit Judge*:

Mahiram Hoodho petitions for review of a final order of removal entered by Immigration Judge ("IJ") Patricia A. Rohan on October 5, 2006. Hoodho urges the vacatur of that order on the grounds that (1) he is not removable, (2) his attorney's concession of removability was erroneous and should not have been accepted by the IJ, and (3) the "egregious circumstances" of his case should exempt him from the general rule that a litigant is bound by the representations of his attorney.

We see no merit in these arguments. Where, as here, the record evidence does not plainly contradict the concession of an attorney, we see no basis to second guess the decision of an IJ to accept that concession and conduct removal proceedings accordingly. Removal proceedings conducted on such a basis do not amount to "egregious circumstances" that would free a litigant from the representations of his attorney. To the contrary, the acceptance by an IJ of a plausible concession of removability is an unremarkable feature of removal proceedings. A petitioner cannot disavow that concession because, in hindsight, it might have been preferable for him to have contested removability, rather than to have conceded it. Because Hoodho is bound by his attorney's concession of removability, his petition for review is denied.

## BACKGROUND

Hoodho, a native and citizen of Guyana, was admitted into the United States on September 1, 1983 pursuant to a non-immigrant visitor visa. He overstayed his visa and, in 1986, married a United States citizen. Sponsored by his wife, Hoodho became a lawful permanent resident on June 8, 1990.

Hoodho's marriage has produced two children, both of whom are citizens of the United States.

Since the late 1980s, Hoodho has been involved in several domestic altercations, often requiring the intervention of law enforcement officers and, on more than one occasion, resulting in Hoodho's arrest, conviction, and incarceration. At some point in the 1990s, Hoodho's wife obtained an order of protection against him, and Hoodho was arrested for violating that order in 1998. In 2002, Hoodho was arrested for reckless assault of a child, endangering the welfare of a child, and criminal contempt, apparently for violating the restraining order; he was convicted of criminal contempt and sentenced to a sixty-day term of imprisonment. Another conviction for criminal contempt followed in 2003, the sentence for which was four months' imprisonment.

On March 27, 2003, the Criminal Court of the City of New York, Queens County, issued a protective order that enjoined Hoodho from going near his wife. That order was served on Hoodho while he was incarcerated. Three months later, on July 3, 2004, Hoodho was arrested for violating the March 27, 2003 order, and he was charged with criminal contempt in the second degree and harassment in the second degree. He pleaded guilty to the charge of criminal contempt and was sentenced to six months' imprisonment on September 7, 2004. At that time, another protective order was entered forbidding Hoodho to come "within 100 yards" of his wife. J.A. 241. Hoodho violated that order on January 21, 2006, pleaded guilty to criminal contempt, and was sentenced to a ninety-day term of imprisonment on March 21, 2006. Another protective order was issued at that time.

In late 2004, the Immigration and Naturalization Service ("INS") commenced removal proceedings against Hoodho arising from his July 3, 2004 violation of the March 27, 2003 protective order. In a Notice to Appear dated November 2, 2004, the INS alleged that Hoodho had "engaged in conduct that violated a portion of [a protective order] that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection

3

order was issued." *Id.* at 420. This conduct, according to the INS, caused Hoodho to be removable pursuant to Section 237(a)(2)(E)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(E)(ii).

On January 4, 2005, Hoodho appeared, with counsel, before the immigration court in Louisiana and, through counsel, conceded removability. The Department of Homeland Security ("DHS")[1] moved into evidence, without objection, a certified copy of Hoodho's conviction for criminal contempt in violation of Section 215.50 of the New York Penal Law and a copy of the text of that statute. J.A. 88. Based on the concession of Hoodho and the submissions of the DHS, the IJ found that removability had been established by clear and convincing evidence. *Id.* at 89. Hoodho then stated, again through counsel, that he would seek cancellation of removal, a form of discretionary relief from removal. *See Medina v. Gonzales*, 404 F.3d 628, 634, n.4 (2d Cir. 2005).

Hoodho's counsel filed an application for cancellation of removal on January 7, 2005. After Hoodho's removal proceeding was transferred from Louisiana to New York and he was granted several continuances so that he could obtain new local counsel, an IJ in New York held hearings on Hoodho's application on April 11, July 17, and October 5, 2006. At the conclusion of these hearings, the IJ denied Hoodho's application. In her oral decision, the IJ stated that "[Hoodho,] through counsel, conceded the truth of the factual allegations [in the Notice to Appear and] conceded that he is removable as charged." J.A. 59. The IJ explained that she would not grant him discretionary relief because Hoodho was "unable or unwilling to control his behavior" and "should [not] be permitted to remain in the United States to continue to create these difficulties for his wife[,] his children and himself." *Id.* at 59, 67-68.

---

[1] "Pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, the INS was abolished and its functions reassigned to subdivisions of the Department of Homeland Security." *Brito v. Mukasey,* 521 F.3d 160, 162 n.2 (2d Cir. 2008).

4

Hoodho appealed the IJ's decision, but the Board of Immigration Appeals ("BIA") dismissed the appeal on July 23, 2007. *In re Hoodho*, No. A29 780 444 (B.I.A. July 23, 2007). The BIA rejected Hoodho's challenge to the determination that he was removable because "[Hoodho] is bound by th[e] concession" of removability made by his attorney. *Id.* at 1 (citing 8 C.F.R. § 1240.10; *In re Velasquez*, 19 I. & N. Dec. 377 (B.I.A. 1986)). With respect to the IJ's denial of discretionary relief, the BIA "agree[d] that [Hoodho's] positive factors are insufficient to outweigh his adverse factors, particularly his demonstrated disregard for the laws of the United States." *Id.* at 2. Hoodho moved for reconsideration, but the BIA denied that motion on September 28, 2007.

Hoodho filed a timely petition for review in this Court.

### DISCUSSION

In his petition to this Court, Hoodho argues that (1) he is not removable, (2) his attorney's concession of removability was erroneous and should not have been accepted by the IJ, and (3) the "egregious circumstances" of his case should exempt him from the general rule that a litigant is bound by the representations of his attorney. We consider each of these arguments in turn and conclude that none of them has merit.

### A. The Record Does Not Show That Hoodho Is Not Removable under INA § 237(a)(2)(E)(ii).

Pursuant to INA § 237(a)(2)(E)(ii),

[a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable.

8 U.S.C. § 1227(a)(2)(E)(ii). Hoodho was convicted of violating section 215.50(3) of the New York Penal Law, which prohibits "intentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of [certain] labor disputes."

5

Hoodho's argument before this Court assumes that either the "categorical approach" or the "modified categorical approach," which were first discussed by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), govern the application of INA § 237(a)(2)(E)(ii) to his prior conviction under section 215.50(3).[2] Under the "categorical approach," we do not evaluate "the singular circumstances" of a petitioner's prior conviction; instead, we consider whether "the minimum criminal conduct necessary to sustain a conviction" under the statute of prior conviction satisfies the definition of the applicable INA provision. *See James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008) (internal quotation marks omitted). However, if a violation of a criminal statute can arise from "diverse classes of criminal acts[,] some of which would categorically be grounds for removal and others of which would not," we must apply the so-called "modified categorical approach" to determine whether a conviction renders the offender removable under the INA. *Id.* (internal quotation marks omitted). When applying the "modified categorical approach," an "agency may . . . refer to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal." *Id.* (internal quotation marks and alteration omitted).

Here Hoodho contends that we must apply the "modified categorical approach" because, he avers, "not every conviction under [New York] Penal Law § 215.50(3) satisfies the criteria for removability under INA § 237(a)(2)(E)(ii)."[3] Petitioner's Br. at 12. According to Hoodho, he is not removable because the record shows neither that he acted in a violent or threatening manner nor that

---

[2] Not every removability provision requires application of the "categorical approach" or the "modified categorical approach." *See James v. Mukasey*, 522 F.3d 250, 255 n.5 (2d Cir. 2008)(noting that a removability provision may "'invite[ ] inquiry into the facts underlying the [prior] conviction'" (quoting *Singh v. Ashcroft*, 383 F.3d 144, 161 (3d Cir. 2004))). We intimate no view on whether, or to what extent, the Supreme Court's reasoning in *Taylor* or *Shepard v. United States*, 544 U.S. 13 (2005), applies to INA § 237(a)(2)(E)(ii).

[3] We note that it is an open question whether a statute is divisible and therefore susceptible to the modified categorical approach when it encompasses both removable and non-removable offenses, but does not describe the removable offenses only in distinct subsections or elements of a disjunctive list. *See James v. Mukasey*, 522 F.3d 250, 255-56 (2d Cir. 2008). As Hoodho concedes that the modified categorical approach is applicable to Section 215.50(3) of the New York Penal Law, however, we need not decide that issue here.

his violation of the March 27, 2003 protective order involved violation of the portion of that order specifically protecting against a credible threat of violence, repeated harassment, or bodily injury as required by the immigration statute. Petitioner's Br. 13.

The IJ did not have occasion to apply the modified categorical approach to Hoodho's conviction for violating Section 215.50(3) of the New York Penal Law because Hoodho conceded removability under INA § 237(a)(2)(E)(ii). In so doing, Hoodho did not press the government to develop the record in support of an inquiry along the lines specified by the modified categorical approach, nor did Hoodho request that the IJ make such a determination. Indeed, his concession obviated the need for such efforts on the part of the government and the IJ. *See Selimi v. INS*, 312 F.3d 854, 860 (7th Cir. 2002) ("[T]he concession that [petitioner's] attorney made was in the nature of a judicial admission, and such an admission has the effect of withdrawing an issue from controversy. Having formally conceded that he was excludable, [petitioner] may not now contend that the INS's proof of excludability was insufficient." (citation omitted)).

Even so, the record does not show, as Hoodho now contends, that he was convicted under Section 215.50(3) for "violating the 'no-contact' portion of the March 27, 2003 protective order, not the section prohibiting threatening or harassing conduct," and is therefore not subject to removal under INA § 237(a)(2)(E)(ii).[4] Petitioner's Br. 13. According to the charging document, Hoodho's wife was under the protection of an order "which states, *among other things*, that the defendant, Mahiram Hoodho, is to stay away from the home, school, place of business, and place of employment of the complainant, Indrowtie Hoodho." J.A. 239 (emphasis added). Hoodho concedes that this protective order also contained a provision ordering him not to "harass[ ] or otherwise threaten[ ]" his wife or children. Petitioner's Br. 4. In addition, the criminal complaint states that Hoodho rang his wife's doorbell and

---

[4] We intimate no view on whether Hoodho's construction of the statute is correct.

7

knocked heavily on her front door in the early morning hours of July 3, 2004. J.A. 239. It also alleges that Hoodho continued to knock at his wife's door for a period of time while "scream[ing] out her nickname," thereby causing his wife "annoyance and alarm." *Id.* at 239-40. This conduct could have been construed by the IJ as violating a provision of the March 27, 2003 protective order protecting against "repeated harassment." INA § 237(a)(2)(E)(ii). In addition, Hoodho's long history of being subject to protective orders—and equally long history of violating those orders—only underscores the reasonableness of a determination that he violated the portion of a protective order barring repeated harassment, had such a determination been made.

As a result, although the record may permit the conclusion that Hoodho did not violate a provision of a protective order prohibiting "credible threats of violence, repeated harassment, or bodily injury," it may also allow a determination that his conviction under Section 215.50(3) of the New York Penal Law renders him removable under INA § 237(a)(2)(E)(ii). However, we need not dwell on the issue any further because, for the reasons set forth below, we agree with the IJ and the BIA that no such determination need have been made in light of his concession of removability.

## B.    The IJ Did Not Err by Accepting the Concession of Hoodho's Counsel.

Under the applicable regulations, an IJ is authorized to accept an alien's concession of removability so long as the IJ "is satisfied that no issues of law or fact remain." 8 C.F.R. § 1240.10(c).[5]

---

[5] The full text of this provision is as follows:

> The immigration judge shall require the respondent to plead to the notice to appear by stating whether he or she admits or denies the factual allegations and his or her removability under the charges contained therein. If the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent. The immigration judge shall not accept an admission of removability from an unrepresented respondent who is incompetent or under the age of 18 and is not accompanied by an attorney or legal representative, a near relative, legal guardian, or friend; nor from an officer of an institution in which a respondent is an inmate or patient. When, pursuant to this paragraph, the immigration judge does not accept an admission of removability, he or she shall direct a hearing on the issues.

8 C.F.R. § 1240.10(c). Hoodho does not contend that this regulation is not entitled to deference under *Chevron U.S.A.,*

Where, as here, removal is premised on a state conviction, Hoodho urges that this regulation should be construed to mean that an "IJ should conduct a brief inspection of the alien's conviction record to confirm that the alien is, in fact, removable, even if the alien has conceded removability." Petitioner's Br. 14. We see no basis to impose such a requirement.

Facts admitted by a party "are judicial admissions that bind th[at] [party] throughout th[e] litigation." *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006); *see also Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1881) ("The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced."); 2 McCormick on Evid. § 254 (6th ed. 2006) ("Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission, unless allowed by the court to be withdrawn, is conclusive in the case . . . ." (footnote omitted)).

Admissions by parties are not subject to judicial scrutiny to ensure that the admissions are fully supported by the underlying record. *Cf. Gibbs*, 440 F.3d at 578 ("Having agreed on a set of facts, the parties who adopted the stipulation, and this Court, must be bound by them; we are not free to pick and choose at will." (internal quotation marks and alteration omitted)). This rule of non-inquiry promotes efficiency and judicial economy by facilitating the concession of specific issues, thereby "provid[ing] notice to all litigants of the issues remaining in dispute, identify[ing] those that can be eliminated from the case and those that cannot be, narrow[ing] the scope of discovery to disputed matters and thus reduc[ing] trial time." *Banks v. Yokemick*, 214 F. Supp. 2d 401, 405-06 (S.D.N.Y. 2002). In rare cases, a court may "disregard a stipulation if to accept it would be manifestly unjust or if

*Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and we need not consider that issue here.

9

the evidence contrary to the stipulation is substantial." *PPX Enters., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir. 1984) (internal quotation marks and alteration omitted).

Hoodho provides us with no basis—and we are aware of none—to subject judicial admissions made in removal proceedings to a more stringent standard. The governing regulation provides that an IJ need only be "satisfied that no issues of law or fact remain" for him to accept a concession of removability. 8 C.F.R. § 1240.10(c). When the parties do not contest removability and the record evidence does not contradict that concession, we see no reason why an IJ cannot be "satisfied" that no legal or factual issues bar the acceptance of that concession. Accordingly, we hold that an IJ does not err by accepting an alien's concession of removability when that concession is not plainly contradicted by record evidence.[6] Where, as here, a concession of removability is supported by evidence of a conviction that could render an alien subject to removal under the INA, the IJ is entitled to accept that admission and proceed accordingly.[7] As explained above, the record of Hoodho's conviction for violating Section 215.50(3) of the New York Penal Law is consistent with a determination that he was removable under INA § 237(a)(2)(E)(ii). Because nothing in the record contradicted Hoodho's concession of removability, the IJ did not err by accepting that concession.

## C.   No "Egregious Circumstances" Permit Hoodho To Disavow His Attorney's Concession.

We have previously recognized that, in the normal course, aliens—like all other parties to

---

[6] This holding does not imply its inverse—that an IJ would err by accepting a concession that is plainly contradicted by record evidence. It will often be the case that evidence in the record may to some degree conflict with a concession of removability. But this does not obviate the general rule pertaining to judicial admissions.

[7] This is not to say, of course, that, when an IJ has cause to believe that a concession is in error, he must nevertheless mechanically accept it. When the record evidence runs contrary to the concession or the IJ has reason to believe that a mistake might have been made, an IJ may probe the basis for that concession. Nor do we hold that a concession of removal alone—without any corroborating basis in the record—would be *insufficient* to form a basis for removal. *See Roman v. Mukasey*, No. 07-05629, __ F.3d __, 2009 WL 129899, at *2 (2d Cir. Jan. 21, 2009) ("declin[ing] . . . to hold that an alien's admissions cannot constitute clear and convincing evidence of removability" where the admissions were "the sole evidence establishing removability based on a prior conviction").

litigation—are bound by the concessions of freely retained counsel. *Ali v. Reno*, 22 F.3d 442, 446 (2d Cir. 1994). This is so because a party who "voluntarily chose [an] attorney as his representative in [an] action . . . cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* at 634 (internal quotation marks omitted)

Hoodho argues that in removal proceedings, "egregious circumstances" can free an alien from his attorney's admissions. *See Velasquez*, 19 I. & N. Dec. at 382; *see also Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) ("Petitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances."). Assuming *arguendo* that this is so, we need not probe the outer limits of the meaning of the term "egregious circumstances" to conclude that this case does not present them. Where, as here, an IJ accepts a concession of removability from retained counsel and that concession is not contradicted by the record evidence, the circumstances are not "egregious" in any respect. To the contrary, the acceptance by an IJ of a plausible concession of removability is an unremarkable feature of removal proceedings. *See, e.g.*, *Alibasic v. Mukasey*, 547 F.3d 78, 82-83 (2d Cir. 2008) ("[Petitioner] had conceded the allegations of the Notice to Appear that stated he was not a citizen of the United States and that he  was not admitted or paroled, and he had admitted the charge of removability."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143 (2d Cir. 2008) ("In . . . removal proceedings, [petitioner] conceded removability but applied for asylum and withholding of removal . . . ."); *Aslam v. Mukasey*, 537 F.3d 110, 116 (2d Cir. 2008) ("Here, [petitioner] admitted that he had entered the United States without inspection, thereby rendering him inadmissible on that ground, and in October 2003, [he] conceded that he was removable.").

11

That, in hindsight, it might have been preferable for an alien to have contested removability, rather than to have conceded it, does not constitute "egregious circumstances." *See, e.g.*, *Magallanes-Damian*, 783 F.2d at 934 ("Although looking at this [decision not to contest deportability] now, from the vantage of hindsight, we might find this tactical choice to have been unwise, . . . [i]t is not unusual or egregious for counsel to make tactical decisions that ultimately fizzle and redound to the client's detriment." (internal quotation marks omitted)).  Indeed, a recent decision by the Attorney General of the United States explains that, in order for counsel's performance to be considered "egregious," "it is not enough merely to demonstrate that one's lawyer made an ordinary mistake or could have presented a more compelling case." *In re Compean*, 24 I. & N. Dec. 710, 732 (A.G. 2009).[8] In the absence of "egregious circumstances," Hoodho remains bound by his attorney's concession of removability.  Finally, nothing in our decision today absolves a petitioner of the obligation to exhaust all claims before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2006).  An alien, unlike Hoodho, who does not object before the BIA to an IJ's acceptance of his concession of removability waives any such claim.  *Cf. Lewis v. Gonzales*, 481 F.3d 125, 132 (2d Cir. 2007) (per curiam).

## CONCLUSION

In sum, we hold that (1) an IJ is authorized to accept a concession of removability when that concession is not plainly contradicted by record evidence and (2) the acceptance of a plausible concession of removability cannot amount to "egregious circumstances" that would free an alien from the representations of his attorney.  Accordingly, Hoodho is bound by his attorney's concession of removability, and the petition for review is **DENIED**.

---

[8] We note that the Attorney General is both the respondent to this petition and the final administrative authority on matters resolved by the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(d)(7), (h).  As we have noted in another context, "[t]his curiosity is without legal significance since the Attorney General appears before us solely in his official capacity." *Ogunwomoju v. United States*, 512 F.3d 69, 71 n.3 (2d Cir. 2008).