* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Transportation Secretary LaHood is automatically substituted for former Transportation Secretary Mary E. Pe-

Accordingly, we AFFIRM the judgment of conviction and sentence of the District Court.

**Jon R. DUFFETT, Plaintiff–Appellant,**

v.

**Ray LAHOOD, Secretary of Transportation, United States Department of Transportation, Defendant–Appellee.***

No. 07–1831–cv.

United States Court of Appeals, Second Circuit.

May 15, 2009.

ters as the defendant-appellee in this case. The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Jon R. Duffett, Deer Park, NY, pro se.

James H. Knapp, Assistant U.S. Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief, Varuni Nelson, Assistant U.S. Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Central Islip, NY, for Defendant–Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jon R. Duffett appeals *pro se* from a judgment entered pursuant to a jury verdict in favor of defendant-appellee in this action alleging employment discrimination in violation of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

▮ Duffett challenges the jury's finding that his employer, the Department of Transportation, did not "regard[ ] [him] as having an impairment that substantially limited a major life function," J.A. 382, on the ground that the evidence admitted at

trial was not sufficient to support such a finding. When considering a challenge to the sufficiency of the evidence supporting a jury's verdict, "we examine the evidence in the light most favorable to the party in whose favor the jury decided, drawing all reasonable inferences in the winning party's favor." *Gronowski v. Spencer*, 424 F.3d 285, 291 (2d Cir.2005). The evidence at trial showed that, after his surgery, Duffett was assigned to various positions in the Department that fell within the broad field of air traffic control. Duffett was excluded, however, from positions involving "live" air traffic control in light of the possibility that lingering effects of his condition would interfere with his ability to perform this critical, public safety function.

▮ Such an employment restriction does not mean that the Department regarded Duffett as "disabled" within the meaning of the Rehabilitation Act. Pursuant to regulation, a disability is "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual." 29 C.F.R. § 1630.2(g)(1); *see* 29 U.S.C. § 791(g) ("The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied [in the Americans with Disabilities Act.]"). Nevertheless, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). As we explained in an analogous case, an employer who regarded an employee "as disabled from police or other investigative or security jobs that involve a substantial risk of physical confrontation" did not regard that employee as "disabled" within the meaning of the statute because no evidence indicated that the employer regarded the employee as

disabled from a "broad class of jobs" in the field, such as non-patrol police duty or private security and investigation, that might not "carry the same nature or degree of risk." *Giordano v. City of New York*, 274 F.3d 740, 749 (2d Cir.2001). Based on the evidence admitted at trial, the jury could have relied on similar reasoning to conclude that the Department did not regard Duffett as having an impairment that substantially limited the major life function of working in the broad field of air traffic control, even though he was not permitted to work in positions involving "live" air traffic control. Accordingly, sufficient evidence supported the jury's verdict in favor of defendant.

▮ Duffett also presses several arguments on appeal that were not raised in the District Court, including challenges to evidentiary rulings, the accuracy of testimony offered by defendants, and the conduct of the jury. We will not consider arguments raised for the first time on appeal unless doing so is "necessary to avoid manifest injustice." *Leyda v. Allied-Signal, Inc.*, 322 F.3d 199, 207 (2d Cir. 2003) (internal quotation marks and citation omitted). Because we are not faced with such a necessity in this case, we do not consider these new arguments.

▮ Finally, Duffett can obtain no relief based on his ineffective assistance of counsel claim because civil litigants are "held accountable for the acts and omissions of their chosen counsel." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir.2009) ("[A] party who voluntarily chose an attorney as his representative in an action cannot avoid the consequences of the acts or omissions of this freely selected agent." (internal quotation marks, citation, brackets and ellipses omitted)).

We have considered all of Duffett's arguments on appeal and found them lacking in merit. We therefore AFFIRM the judgment of the District Court.