09-3951-ag
Chong v. Holder

BIA
Schoppert, IJ
A095 362 700

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of August, two thousand ten.

PRESENT:
>     DENNIS JACOBS,
>         *Chief Judge,*
>     JON O. NEWMAN,
>     DENNY CHIN,
>         *Circuit Judges.*

_____

SWEE FOON CHONG,
>     *Petitioner,*

>     v.                                          09-3951-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:     Scott E. Bratton, Margeret
                    Wong & Associates Co., LPA,
                    Cleveland, Ohio.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Ernesto H. Molina, Jr.,

**Assistant Director; Gladys M. Steffens Guzman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Swee Foon Chong, a native and citizen of Malaysia, seeks review of an August 28, 2009 order of the BIA, affirming the December 5, 2007 decision of Immigration Judge ("IJ") Douglas Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Swee Foon Chong*, No. A095 362 700 (B.I.A. Aug. 28, 2009), *aff'g* No. A095 362 700 (Immig. Ct. N.Y. City Dec. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 288-89

(2d Cir. 2007).

Chong expressly declines to challenge the agency's denial of her applications for asylum and CAT relief. With respect to withholding of removal, the agency's denial was not in error. Chong asserts that she was deprived a full and fair hearing because the IJ deprived her of the opportunity to testify. "To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotations marks omitted). Here, the record reflects that the IJ asked Chong's counsel on multiple occasions whether he wished to present anything further for consideration before closing the record, and Chong's counsel declined to do so. Accordingly, Chong's argument that the case should be remanded to allow her an opportunity to testify is without merit. *See Hoodho v. Holder,* 558 F.3d 184, 192 (2d Cir. 2009) ("[A] party who voluntarily chose an attorney as his representative in an action cannot avoid the consequences of the acts or omissions of this freely selected agent." (internal quotation marks, alterations, and

3

ellipses omitted)).

Chong also argues that the agency erred in construing her withholding of removal claim with respect to Indonesia, rather than Malaysia. As the BIA reasonably found, Chong's application for relief refers exclusively to her fear of persecution in Indonesia, her husband's country of origin, and she never expressed to the IJ her intention to seek withholding of removal to Malaysia. Accordingly, the IJ did not err in considering her application for withholding with regard to Indonesia--and in denying that application, given that her designated country of removal was Malaysia. *See* 8 C.F.R. § 1208.16(b) (mandating that the "burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened *in the proposed country of removal*" (emphasis added)); *see also Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 530 (2d Cir. 2006). Although Chong asserts that the evidence compels the conclusion that she established her eligibility for withholding of removal to Malaysia, she fails to point to any such compelling evidence.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk