**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2993
_____

RUDOLPH CAMPBELL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A018 852 760)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2011

Before:  FUENTES, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 23, 2011)

_____

OPINION
_____

PER CURIAM

Campbell, a Jamaican citizen, was admitted to the United States in 1969.  In 2010,

he was served with a Notice to Appear alleging that he was removable as an alien who

had been convicted of a controlled substances offense pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). That Notice to Appear was later amended, and Campbell was ordered removed as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) due to a 1998 conviction for possession with intent to distribute cocaine in violation of New Jersey Statutes Annotated §§ 2C:35-5a(1) and b(3). His appeal to the Board of Immigration Appeals was dismissed, and he petitions for review. Because he is a criminal alien, this Court has jurisdiction to review his petition only to the extent it raises constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D); Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005). As a threshold matter, such claims must be colorable. Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007).

Both of the arguments Campbell now raises are without merit. He first claims that the record does not support the finding that he was convicted of an aggravated felony. As the Board noted, Campbell conceded that he was removable and an aggravated felon. Because that concession alone supports finding that he committed an aggravated felony, this claim is meritless. See Hoodho v. Holder, 558 F.3d 184, 191 (2d Cir. 2009) ("Admissions by parties are not subject to judicial scrutiny to ensure that the admissions are fully supported by the underlying record."). Campbell's argument that the Notice to Appear with which he was served did not designate his New Jersey conviction as grounds for removal has no basis in fact. The Government filed a Form I-261 in November 2010 specifying that conviction as grounds for removal, amending the Notice to Appear. See Duhaney v. AG of the U.S., 621 F.3d 340, 344 n.2 (3d Cir. 2010). Accordingly, neither claim is colorable. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) ("To

determine whether a claim is colorable, we ask whether it is . . . wholly insubstantial and frivolous.") (quotation omitted).  We therefore lack jurisdiction over the petition for review and will dismiss it accordingly.