10-3535-ag
Liu v. Holder

BIA
Holmes-Simmons, IJ
A099 592 228

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        ROBERT A. KATZMANN,
>        DEBRA ANN LIVINGSTON,
>            *Circuit Judges.*

_____

BAO JUN LIU
>        *Petitioner,*

>        v.                                    10-3535-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Joshua Bardavid, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer P. Levings, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Bao Jun Liu, a native and citizen of the People's Republic of China, seeks review of an August 6, 2010, order of the BIA, affirming the September 22, 2008, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to remand and reopen. *In re Bao Jun Liu*, No. A099 592 228 (B.I.A. Aug. 6, 2010), *aff'g* No. A099 592 228 (Immig. Ct. N.Y. City Sept. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   Asylum, Withholding of Removal, and CAT**

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

In pretermitting Liu's asylum application as untimely, the agency found that although the July 2004 death of his attorney was an "extraordinary circumstance," his asylum application was nonetheless untimely because he waited to file until January 2006.  Liu argues that mistranslations prevented him from providing testimony that he acted with due diligence in pursuing his asylum application after the death of his prior counsel.  Because this argument potentially implicates a due process violation, *see Augustin v. Sava*, 735 F.2d 32, 38 (2d Cir. 1984), we retain jurisdiction to review the issue, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  Nevertheless, the record does not support Liu's contention that he was prevented from explaining why he did not apply for asylum during the seventeen months following his attorney's death.  Rather, the record shows that the translator asked Liu to "repeat because of the strong accent," which Liu did.  Moreover, the record is clear that the BIA understood Liu's explanation for his delay in filing – that he thought if his first attorney had filed an application re-filing would cause a problem by creating two alien registration numbers – but found this explanation

3

insufficient.  Accordingly, the agency's pretermission of Liu's asylum application was not flawed by any due process deficiency.  *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007).

As to his remaining claims, because Liu does not challenge the BIA's finding that he did not demonstrate past persecution, he is not entitled to the presumption of a well-founded fear of persecution.  *See* 8 C.F.R. § 1208.16(b)(1)(ii), (2).  Accordingly, we address only whether Liu independently established that it was more likely than not that he would be persecuted, and conclude that the BIA reasonably found that, even accepting the veracity of his description of past events, Liu did not demonstrate that he was more likely than not to face persecution in China.  Contrary to Liu's argument that the BIA ignored his evidence, the BIA noted that letters from Liu's wife and her grandfather showed that Liu's wife had relocated within China and did not mention any encounters with the family planning authorities after the abortion in April 2004.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Although Liu's wife asserted that his daughter would soon reach school-age and would not be able

4

to attend school, the record does not compel the conclusion that the BIA ignored this aspect of the evidence. *See Xiao Ji Chen*, 471 F.3d at 338 n.17.

Liu also argues that background evidence in the record supports his fear of sterilization as a punishment for violating the family planning law, pointing to a Statement of Congressman Christopher H. Smith, dated June 1998, that "sterilization is sometimes employed . . . as a punishment." Nevertheless, the BIA did not err in concluding that this generalized evidence was insufficient to establish that Liu was more likely than not to face persecution if returned to China, particularly in light of more current evidence in the record that the central government in China has prohibited forced sterilizations. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 171-72 (2d Cir. 2008); *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006). Similarly, although Liu argues that he will face economic persecution in China, the BIA reasonably found that he did not show that he was more likely than not to face economic harm rising to the level of persecution, especially in light of his admission that he was unsure whether he would be fined after his long absence from China, and his failure to present evidence of his personal finances. *See Guan Shan Liao v. U.S. Dep't of*

5

*Justice*, 293 F.3d 61, 70 (2d Cir. 2002). For the same reasons, despite Liu's assertions that he is likely to be tortured by sterilization in China, the BIA did not err in denying CAT relief. *See Xue Hong Yang*, 426 F.3d at 523; *Pierre v. Gonzales*, 502 F.3d 109, 118-19 (2d Cir. 2007).

**II. Motion to Reopen**

We have reviewed the BIA's denial of Jiang's motion to remand and reopen for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). Here, the BIA did not abuse its discretion in denying Liu's motion to reopen because, even assuming that the translation errors he alleges were present, he demonstrated no prejudice as a result. *See Burger*, 498 F.3d at 134; *Guo Qi Wang v. Holder*, 583 F.3d 86, 89 n.1 (2d Cir. 2009).

Liu argues that the mistakes and incompetence of the translator infringed on his right to due process because he was prevented from expanding on his testimony. Although the record reflects that the translator asked Liu to repeat himself on a number of occasions and mentioned that Liu had a "strong accent," the interpreter then translated Liu's repeated testimony, and there is no indication that Liu was unable to express himself adequately through the interpreter. In addition, Liu was represented by counsel

throughout his proceedings, yet his counsel did not raise any objection to the sufficiency of the hearing or suggest that he would like to elicit additional testimony.  Thus, Liu's due process claim is without merit.  *See Burger*, 498 F.3d at 134; *see also Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) ("[A] party who voluntarily chose an attorney as his representative in an action cannot avoid the consequences of the acts or omissions of this freely selected agent." (internal punctuation omitted)).

Liu also argues that he was prejudiced by various alleged mistranslations, pointing to differences between the translation of the hearing in the record and that provided by his independent translator.  Review of the differences between the translations, however, reveals that the alleged mistakes were inconsequential, as his statements were understood by the agency and many of the alleged errors did not affect the meaning of his testimony.  Because the alleged mistranslations did not result in any significant loss of meaning, the BIA reasonably concluded that he was not prejudiced and did not abuse its discretion in denying remand.  *See Guo Qi Wang*, 583 F.3d at 89 n.1; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
