*Preville v. PepsiCo Hourly Emps. Ret. Plan*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:     JOSÉ A. CABRANES,
             CHESTER J. STRAUB,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*

———————————————————————

JAMES PREVILLE,

   *Plaintiff-Appellant,*

  v.              15-2553

PEPSICO HOURLY EMPLOYEES RETIREMENT PLAN,

   *Defendant-Appellee.*

———————————————————————

**FOR PLAINTIFF-APPELLANT:**  JAMES PREVILLE, pro se, St. Clair Shores, MI.

**FOR DEFENDANT-APPELLEE:**  RICHARD J. PAUTLER, Thompson Coburn LLP, St. Louis, MO.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the District Court are **AFFIRMED**.

Plaintiff-appellant James Preville, proceeding pro se, appeals the District Court's September 23, 2014 grant of summary judgment in favor of defendant-appellee PepsiCo Hourly Employees Retirement Plan (the "Plan") in his action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging the denial of his application for pension benefits, and its subsequent order of July 15, 2015 denying reconsideration of that decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's grant of summary judgment *de novo. Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Where, as in this case, "an employee benefit plan grants a plan fiduciary discretionary authority to construe the terms of the plan, a district court must review deferentially a denial of benefits challenged under [ERISA]." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1070 (2d Cir. 1995). Thus, although we review the District Court's legal conclusions *de novo*, we review the underlying decision of the plan administrator "under the arbitrary and capricious standard." *Id.* at 1070-71. When we apply this highly deferential level of review, "we may overturn an administrator's decision to deny ERISA benefits only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 83 (2d Cir. 2009) (internal quotation marks omitted). The District Court's thorough opinion correctly explains why defendant was entitled to summary judgment, *see Preville v. PepsiCo Hourly Emps. Ret. Plan*, 45 F. Supp. 3d 408 (S.D.N.Y. 2014), and we affirm for substantially the reasons stated therein.

We review for "abuse of discretion" a district court's denial of a motion for reconsideration. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). We conclude that the District Court did not "abuse its discretion" by denying Preville's motion to reconsider because he raised only new arguments that could have been raised prior to the entry of judgment, *see Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015), and his arguments contradicted the parties' joint stipulation of facts, *see Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (a court is generally not free to disregard a stipulation of the parties). We find no error in the District Court's reliance on these well-established principles in denying Preville's motion.

We pause to note that, even if the District Court had entertained on Preville's motion for reconsideration the contention that he had first applied for disability benefits in August 2010, it would

2

have done Preville no good.[1]  The plan administrator determined that Preville was not eligible for benefits because he had failed to make an election within six months of January 13, 2009, when he became entitled to receive long-term disability benefits under the Pepsi Bottling Group Long-Term Disability Plan (and had also failed to make an election within thirty days of receiving the June 17, 2009 notification letter).  Benefits Determination, Preville v. PepsiCo Hourly Emps. Ret. Plan, No. 1:13 Civ. 5846 (PGG) (S.D.N.Y. Nov. 15, 2013), ECF No. 24-5.  Preville argues that the Plan permitted him to make an election within six months of the Social Security Administration's July 23, 2010 disability determination.  But that argument is at odds with the Plan's plain terms, which provide that total disability begins—and the six-month clock starts to tick—when the first of two possible triggering events occurs: *either* a determination by the plan administrator of a long-term disability plan that the participant is entitled to long-term disability benefits, *or* a determination by the Social Security Administration that the participant is entitled to disability benefits under the Social Security Act.  *See* Supp. App'x 33 (election of benefits must be made "in the six month period following the *onset of . . . 'Total and Permanent Disability'*" (emphasis supplied)); *id.* at 34 ("[A] Participant is Totally and Permanently Disabled if . . . the Participant is determined to be entitled to receive long term disability benefits by the plan administrator of a long term disability plan . . . *or* the Participant is determined to be entitled to disability benefits under the Social Security Act by Social Security Administration personnel . . . ." (emphasis supplied)).  Thus, the plan administrator's construction of the relevant Plan provisions—far from being arbitrary and capricious—was virtually compelled by the Plan's language.  And under that construction, because Preville became eligible for long-term disability benefits in January 2009, Preville's August 2010 application came too late.

We have considered all of Preville's arguments on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the judgment and order of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[1] The same is true of Preville's argument that he understood his 1995 pension plan (which, he says, does not impose the same time limitations as the operative plan) to be in effect.  Even if accurate, Preville's account of the plan's terms and his subjective belief is without legal significance.  Preville has not identified any reason that his misapprehension should excuse compliance with the Plan's requirements.

3