Kasang v. Barr
BIA
Cheng, IJ
A087 593 582

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

TENZING KASANG, AKA TENZIN KELSANG,

> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

17-2462
NAC

_____

FOR PETITIONER:  Tenzin Kelsang, pro se, St. Louis, MO.

FOR RESPONDENT:  Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director;

Linda Y. Cheng, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tenzing Kasang, a native of India, seeks review of an April 19, 2017 decision of the BIA affirming an August 3, 2016 decision of an Immigration Judge ("IJ") denying Kasang's application for asylum. *In re Tenzing Kasang,* No. A 087 593 582 (B.I.A. Apr. 19, 2017), *aff'g* No. A 087 593 582 (Immig. Ct. N.Y. City Aug. 3, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Kasang is pro se, we construe his submissions as "rais[ing] the

strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted). Because the IJ granted Kasang's application for withholding of removal as to Nepal, only the agency's denial of asylum is at issue. As discussed below, we conclude that the agency reasonably concluded that Kasang is a national of India and therefore eligible for asylum only with respect to that country. Kasang waived any claim of asylum as to India, however, by failing to assert it in his brief.

Indian Nationality

Contrary to the Government's position, Kasang exhausted his claim of statelessness before the agency by asserting ambiguities as to his legal status in India. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) (declining to limit petitioner "to the exact contours of his argument below").

"The determination of an alien's nationality or lack thereof is a threshold inquiry in determining the alien's eligibility for asylum." *Dhoumo v. BIA*, 416 F.3d 172, 174 (2d Cir. 2005). An alien may be granted asylum if he is a "refugee." 8 U.S.C. § 1158(b)(1)(A). A refugee is defined

3

with respect to the relationship he has to his country of nationality as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution [on account of a protected ground.]

8 U.S.C. § 1101(a)(42). Under this definition of refugee, if Kasang has no nationality, then he would qualify for asylum because the country where he last habitually resided was Nepal, and the IJ granted withholding of removal as to Nepal, a determination that rests on a more demanding burden of proof than asylum. *See Wangchuck*, 448 F.3d at 529 (noting that if person has no nationality, he is eligible for asylum from "country in which he 'habitually resided' prior to entering the United States"); *Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir. 2006) ("It is well-settled that the burden of proof for a withholding of removal claim is higher than the burden of proof for an asylum claim."). As a condition of asylum eligibility, it is the alien's burden to establish that he is a refugee. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R.

4

§ 1208.13(a) (placing the burden of proving refugee status on the applicant).

The Immigration and Nationality Act defines "national" as "a person owing permanent allegiance to a state." 8 U.S.C. § 1101(a)(21). "Nationality is a status conferred by a state, and will generally be recognized by other states provided it is supported by a 'genuine link' between the individual and the conferring state." *Dhoumo*, 416 F.3d at 175.

Kasang's counsel conceded that Kasang was a "native and citizen" of India. Tr. of Hearing 6:4-20 (Jan. 27, 2010) (Certified Administrative Record ("CAR") at 125); *see* 8 C.F.R. § 1208.13(a); *Hoodho v. Holder*, 558 F.3d 184, 193 (2d Cir. 2009) ("In the absence of 'egregious circumstances,' [an alien] remains bound by his attorney's concession of removability."). When Kasang, through counsel, sought to withdraw the concession of Indian citizenship, the IJ gave Kasang the opportunity to move to replead the allegation, but Kasang's counsel eventually declined to do so. Tr. of Hearing 69:10-11 (Mar. 7, 2012) (CAR at 195). After remand by the BIA, Kasang declined to submit additional evidence to the IJ.

5

According to records of the Department of Homeland Security, Kasang also admitted to a Border Patrol Agent that he was a "citizen and national" of India. Form I-213 (Sept. 21, 2009) (CAR at 424).

A 2011 State Department issue paper on Tibetans in Nepal and India supports the conclusion that Kasang is a citizen of India based on Indian law applicable to those born in 1982, the year of his birth. Issue Paper: Tibetans in India and Nepal (U.S. Dep't of State: May 2011) (CAR at 422). Kasang asserted that, despite Indian law's provision that he is an Indian citizen, he would not be recognized as one there because he was born at home, his birth was not registered, and he does not have a birth certificate. The IJ reasonably gave diminished weight to his testimony on this matter because it was based on hearsay statements from his parents. The IJ determined that, even if Kasang's birth in India was not registered, he could still qualify as an Indian citizen. There is some record support for the assertion that India may not recognize Kasang as a national because of his long residence in Nepal, his Tibetan ethnicity, and the absence of evidence of his birth registration in India. Overall,

6

however, substantial evidence supports the agency's conclusion that Kasang is a national of India in light of Kasang's initial concessions that he was a national of India and because Indian law recognizes as citizens individuals born in India at the time of Kasang's birth.

Asylum as to India

Kasang does not assert a claim of past persecution or a fear of future persecution in India in his brief on appeal and thus has waived any claim that the agency erred in denying him asylum as to India. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief). Even were we to consider such a claim, however, we would find no error in the agency's decision as Kasang's stated concerns about returning to India were based on his lack of family in India. Tr. of Hearing 147:2-4 (Sept. 23, 2014) (CAR at 275). These concerns, while grounded in facts, do not amount to a fear of future persecution on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42), 1158(b)(1)(A), (B).

Chinese Nationality

Substantial evidence also supports the agency's decision that Kasang did not show that he is a Chinese national. The record contains no evidence to support a claim that China would recognize Kasang as a Chinese national because he is ethnically Tibetan or because his father was born in Tibet. The same 2011 State Department issue paper mentioned above discusses three Tibetans who were forcibly returned to China from Nepal, but it is unclear from the document whether the individuals were born in Tibet. CAR at 422. Kasang testified that authorities in Nepal threatened to deport him to China for protesting, but this does not establish that China would accept him or recognize him as a Chinese national. Accordingly, Kasang failed to demonstrate that he is a "refugee" with respect to China. *See* 8 U.S.C. § 1101(a)(42) (definition); *id.* § 1158(b)(1)(B) (burden of proof).

Thus, because Kasang is a national of India, he is not stateless, and is not eligible for asylum as to Nepal. He has waived his asylum claim as to India. Because he did not present evidence to show that he is a national of China, the agency did not err in denying asylum with respect to that

country.  *See* 8 U.S.C. § 1101(a)(42).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9