10-468-ag
Singh v. Holder

BIA
Straus, IJ
A075 320 097

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

AMRIK SINGH,
> *Petitioner,*

v.                                                  10-468-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Amrik Singh, *pro se*.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Saul Greenstein, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Amrik Singh, a native and citizen of India, seeks review of a January 14, 2010 order of the BIA, affirming the March 27, 2008 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for adjustment of status. *In re Amrik Singh*, No. A075 320 097 (B.I.A. Jan. 14, 2010), *aff'g* No. A075 320 097 (Immigr. Ct. Hartford Mar. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)(2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a threshold jurisdictional matter, under 8 U.S.C. § 1252(a)(2)(B)(i), (D), we lack jurisdiction to review the agency's denial of adjustment of status except to the extent that Singh raises constitutional claims or questions of law.

2

*See Wallace v. Gonzales*, 463 F.3d 135, 138 (2d Cir. 2006) (per curiam); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 325 (2d Cir. 2006). In finding Singh inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for having procured his visa by fraud or willful misrepresentation, and thus ineligible to adjust his status, the agency relied on Singh's testimony that his purpose in coming to the United States was not to dance as a member of a dance troupe as indicated in his visa application. Singh now attempts to reconcile his testimony. Because his argument does not raise a question of law or a constitutional claim, however, we lack jurisdiction to review the argument under 8 U.S.C. § 1252(a)(2)(B)(i), and we dismiss the petition to this extent. *See Wallace*, 463 F.3d at 138.

Singh does raise a question of law when he argues that the agency erred in placing the burden on him to show that he was admissible, rather than requiring the government to demonstrate that he was inadmissible. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 441 (2d Cir. 2006) (recognizing that "[t]he placement of the burden of proof is a question of law"). Singh is correct that, here, the government bore the initial burden of demonstrating that he

3

was removable. *See Ibragimov v. Gonzales*, 476 F.3d 125, 131 (2d Cir. 2007). However, because Singh conceded that he was removable for overstaying the terms of his visa as charged in the Notice to Appear, the government discharged its burden of showing his removability. *See Hoodho v. Holder*, 558 F.3d 184, 191-92 (2d Cir. 2009). Having conceded his removability, Singh bore the burden of demonstrating his eligibility for adjustment of status and that he was not inadmissible. *See Aslam v. Mukasey*, 537 F.3d 110, 115—17 (2d Cir. 2008) (per curiam).

Singh also argues that he met his burden of demonstrating his admissibility by showing that he was admitted. This argument fails, however, because an alien may be "admitted" but still remain "inadmissible" within the meaning of the statute. *See Emorkah v. Mukasey*, 523 F.3d 110, 118 (2d Cir. 2008).

Singh additionally raises a colorable constitutional claim over which we have jurisdiction when he contends that the IJ violated his right to due process by "acting as the prosecutor" and *sua sponte* finding him inadmissible for having procured his visa by fraud or willful misrepresentation. *See Wallace*, 463 F.3d at 138. Although

4

an IJ must maintain impartiality, *see, e.g.*, *Islam v. Gonzales*, 469 F.3d 53, 55-56 (2d Cir. 2006), we have recognized that the IJ's role is to participate actively in developing the record, *see Qun Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir. 2002) (per curiam). Accordingly, even if Singh is correct in his contention that the IJ found him inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) without prompting from government counsel, his right to due process was not thereby violated, as he was provided a full and fair opportunity to address his inadmissibility. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007).

Finally, Singh contends that the IJ's denial of his asylum application was in error and that his case should be remanded to the BIA for consideration of his asylum claim. As the government argues, however, Singh, through his counsel, withdrew his asylum claim in his August 2004 motion to remand and never sought to reinstate it before the agency. Accordingly, we decline to address Singh's arguments with respect to asylum. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Hoodho*, 558 F.3d at 192 ("[A] party who voluntarily chose an attorney as his representative in an action cannot avoid the consequences of the acts or omissions of this freely selected agent." (internal quotation marks and alterations omitted)).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk