Yu v. Holder

BIA
Bain, IJ
A088 379 717

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
       JON O. NEWMAN,
       ROBERT A. KATZMANN,
       CHRISTOPHER F. DRONEY,
            *Circuit Judges*.

_____

WEIGUANG YU,
       *Petitioner*,

       v.                                     11-899
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent*.

_____

FOR PETITIONER:        Ning Ye, Flushing, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Briena L.
                       Strippoli, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Weiguang Yu, a native and citizen of the People's Republic of China, seeks review of a January 31, 2011 order of the BIA affirming the April 6, 2009 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weiguang Yu*, No. A088 379 717 (B.I.A. Jan. 31, 2011), *aff'g* No. A088 379 717 (Immig. Ct. N.Y. City Apr. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ and BIA did not err in concluding that, under 8 U.S.C. § 1101(a)(42), Yu, as the spouse of an individual subjected to coercive abortions, was not per se eligible for

asylum. *See also Shi Liang Lin v. U.S. Department of Justice*, 494 F.3d 296, 309 (2d Cir. 2007) (en banc). Instead, Yu was required to demonstrate persecution or a well-founded fear of persecution based on his "other resistance" to the family planning policy. *See id.* at 309-10). Yu conceded at his merits hearing that he did not engage in any such "other resistance," and he is bound by this concession. *See Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009).

The agency also did not err in finding that Yu failed to establish a well-founded fear of future persecution based on his fear of forced sterilization and economic persecution in the event that he has more than one child in the future. Yu admitted at his hearing that he was not in violation of the family planning policy, and "[i]n the absence of solid support in the record" for such a fear, that fear is "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142-43 (2d Cir. 2008). Accordingly, because the agency did not err in finding that Yu failed to demonstrate either past persecution or a well-founded fear of persecution, it reasonably denied his requests for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d

3

148, 156 (2d Cir. 2006).  Yu does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk