Cisse v. Holder

BIA
Vomacka, IJ
A087 448 148

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand fourteen.

PRESENT:
>  JON O. NEWMAN,
>  RICHARD C. WESLEY,
>  GERARD E. LYNCH,
>  *Circuit Judges*.

_____

LACINA CISSE, AKA ALFOUSSEINY DEMBELE,
>  *Petitioner*,

v.                                          13-2026
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>  *Respondent*.

_____

FOR PETITIONER:         Gary J. Yerman, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Cindy S. Ferrier, Assistant
                        Director; Surell Brady, Trial
                        Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lacina Cisse, a native and citizen of Ivory Coast, seeks review of an April 30, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") July 6, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lacina Cisse*, No. A087 448 148 (B.I.A. Apr. 30, 2013), *aff'g* No. A087 448 148 (Immig. Ct. N.Y. City Jul. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Cisse's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on omissions and inconsistencies in the applicant's statements and other

2

record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166 n.3. Substantial evidence supports the agency's adverse credibility determination.

The record supports four of the IJ's five inconsistency findings. Cisse's application omitted any reference to a death threat by police in 2004. This death threat was a significant detail, and its absence from Cisse's application was a proper factor for consideration in light of the other inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 163-64.

Cisse's application stated that he was beaten in 2008 "during [his] arrest," but his testimony reframed the incident, making no mention of any harm during arrest, and instead, alleging he was beaten every day for two weeks during his detention. The IJ was not required to credit Cisse's explanation that the preparer of his application must have made a mistake. As the IJ explained, the Government raised the issue of whether any corrections needed to be made to Cisse's asylum application before the merits hearing began, and Cisse's counsel, who had represented him for over two years, responded that no

changes were needed. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); *see also Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009).

Cisse also testified that officials told him that he would be killed if he was arrested again, while his application merely stated that he was told he would be contacted if he "was needed by the authorit[ies]." Cisse's explanation was non-responsive because it did not explain why he testified that he was specifically told he would be killed, and not just arrested. Thus, the IJ was not compelled to credit his explanation. *See Majidi*, 430 F.3d at 80-81.

In addition, Cisse's responses to questions about his future fear were difficult to pin down. Cisse claimed devotion to the RDR political party, but he resisted returning to Ivory Coast even after a member of the RDR attained power. Although he was asked several times to clarify why he could not return to Ivory Coast when a leader who was sympathetic to his political beliefs and ethnic group was in power, Cisse gave a variety of answers and ultimately admitted he did not have any evidence to support his allegation that his political opponents had retained authority.

4

The final inconsistency finding by the IJ is not supported by the record. The IJ stated that Cisse's application said that police detained him at a political meeting in 2008, but that he testified that police stopped him as he walked home. The IJ misstated the record. Cisse testified that police stopped him "before [he was] going home" and reiterated on cross-examination that he was "about to go home" when police arrived. Despite this error, given the other inconsistencies cited by the IJ, as well as the lack of corroboration and Cisse's false statements to a consulate official discussed below, this one erroneous finding does not require remand.

Cisse's admission that he lied to a U.S. consular official in Mali to secure a visa, despite being under no immediate threat of harm, further supports the adverse credibility determination. *Lin Zhong v. U.S. DOJ*, 480 F.3d 104, 127 (2d Cir. 2006) ("an IJ's application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything] may at times be appropriate"). Additionally, Cisse has waived any challenge to the IJ's corroboration finding by not raising it in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). The IJ's finding that there was a lack of corroboration remains a

5

valid basis supporting the denial of relief.  *See Shunfu Li*, 529 F.3d at 146-47.

Considering Cisse's prior falsehoods, the inconsistencies in his claims, and the lack of corroboration, the IJ's adverse credibility determination is supported by the "totality of the circumstances."  *Xiu Xia Lin*, 534 F.3d at 167.  As all of Cisse's claims share the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Cisse's pending motion for a stay is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk