14-9-ag
Ramirez-Arenas v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of September, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*,
             VALERIE CAPRONI,*
                 *District Judge.*

_____

GUILLERMO RAMIREZ-ARENAS,
                     *Petitioner*,

             -v-                                    14-9-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
                     *Respondent*.

_____

Appearing for Petitioner:     Alison Berry, White Plains, N.Y.

Appearing for Respondent:     Jesse M. Bless, Trial Attorney, (Stuart F. Delery, Assistant
                              Attorney General; Anthony C. Payne, Senior Litigation Counsel,
                              *on the brief*), Office of Immigration Litigation, United States
                              Department of Justice, Washington, D.C.

_____

*Judge Valerie Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Guillermo Ramirez-Arenas ("Petitioner"), a native and citizen of Mexico, seeks review of the BIA's December 4, 2013 affirmance of the June 5, 2012 decision of an Immigration Judge ("IJ") pretermitting his application for cancellation of removal. Petitioner challenges the agency's determination that he was ineligible to demonstrate good moral character because of the smuggling bar in 8 U.S.C. § 1182(a)(6)(E)(i) and challenges the IJ's refusal to allow him to withdraw his concession to removability pursuant to the same provision. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the IJ's decision on only some of the grounds offered by the IJ, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). This Court retains jurisdiction to review constitutional claims and questions of law, including the nondiscretionary determination that an alien is ineligible for cancellation of removal. 8 U.S.C. § 1252(a)(2); *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005). "We review the IJ's and BIA's factual findings for substantial evidence, and we consider questions of law and applications of law to fact *de novo*." *Chambers v. Office of Chief Counsel*, 494 F.3d 274, 277-78 (2d Cir. 2007).

In order to qualify for cancellation of removal, an alien must show ten years of continuous physical presence, the absence of certain criminal convictions, hardship to a qualifying relative, and good moral character. 8 U.S.C. § 1229b(b)(1). Section 1101(f) limits those persons eligible to show good moral character by providing that "[n]o person shall be regarded as, or found to be, a person of good moral character who," pursuant to Section 1182(a)(6)(E), "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." 8 U.S.C. §§ 1101(f), 1182(a)(6)(E).

Although "[o]ur Circuit has yet to set forth anything approaching a bright-line test as to the nature of the actions that will or will not suffice to support a finding that an alien has 'encouraged, induced, assisted, abetted, or aided' another in illegally entering the United States," *Chambers*, 494 F.3d at 279 (quoting 8 U.S.C. § 1182(a)(6)(E)), Petitioner's conduct is sufficient to establish smuggling under any plausible reading of the statute. In 2011, Petitioner pleaded guilty to "aiding and abetting unlawful entry," in violation of 8 U.S.C. § 1325(a)(1) and 18 U.S.C. § 2. During his plea allocution, the district court explained the charge against him was as follows:

> [T]hat you, the defendant . . . did aid and abet the person named Maria Teresa Jakob, an alien who entered the United States at a time and place other than designated by immigration officers. So this charge is that you helped Ms. Jakob in her illegal entry into the United States.

Record at 486.[1] After pleading guilty, Petitioner specifically confirmed that he "knew she was going to come in illegally." Record at 491. He then explained, in his own words, that he "was

---

[1] Citations to the Certified Administrative Record are designated as "Record at __."

going to give some money to the person that was going to take (inaudible)" and then "take her with me." Record at 490–91. Accordingly, substantial evidence in Petitioner's record of conviction supported the agency's determination that he knowingly aided and abetted Jakob to enter illegally.

While we acknowledge Petitioner's contention that his statutes of conviction are not a categorical match with the offense described in Section 1182(a)(6)(E), Petitioner cites no authority indicating that this provision of the Act warrants a categorical approach. *See Hoodho v. Holder*, 558 F.3d 184, 189 n.2 (2d Cir. 2009) ("Not every removability provision requires application of the 'categorical approach' or the 'modified categorical approach.'"); *James v. Mukasey*, 522 F.3d 250, 255 n.5 (2d Cir. 2008) (noting that some removability provisions may "invite[] inquiry into the facts underlying the conviction at issue" (quoting *Singh v. Ashcroft*, 383 F.3d 144, 162 (3d Cir. 2004))). To the contrary, even the Third Circuit decision on which he heavily relies explicitly declined to restrict its inquiry to the statute of conviction. *See Parra-Rojas v. Att'y Gen. U.S.*, 747 F.3d 164, 168–69 (3d Cir. 2014). We need not reach this issue, however, in light of Petitioner's sworn testimony at his plea allocution admitting to conduct satisfying the smuggling bar. *See* 8 U.S.C. § 1101(f)(3) (delineating offenses, including smuggling, "for which such person was convicted *or of which he admits the commission*" (emphasis added)); *Chambers*, 494 F.3d at 279 (holding that petitioner's conduct satisfied the elements of Section 1182(a)(6)(E) where she arranged transportation for an alien's attempted illegal entry and purposefully deceived customs officials).

Because the record supports the agency's determination that Petitioner's conduct constituted smuggling, he is statutorily precluded from establishing good moral character. The petition for review is therefore DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3