Zheng v. Lynch

BIA
Segal, IJ
A098 852 519

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fifteen.

PRESENT:
>       JON O. NEWMAN,
>       ROSEMARY S. POOLER,
>       GERARD E. LYNCH,
>           *Circuit Judges.*

_____

GUANGZU ZHENG, AKA GUANG ZHENG, AKA
GUANG ZU ZHENG, AKA GUANG Z. ZHENG,
>       *Petitioner,*

>       v.                                      14-802
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Ming Hai, Flushing, NY.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General, Civil Division;
                       Blair T. O'Connor, Assistant
                       Director; Eric W. Marsteller, Senior

**Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Guangzu Zheng, a native and citizen of the People's Republic of China, seeks review of a February 27, 2014, decision of the BIA affirming the October 23, 2013, decision of an Immigration Judge ("IJ") ordering his removal and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Guangzu Zheng*, No. A098 852 519 (B.I.A. Feb. 27, 2014), *aff'g* No. A098 852 519 (Immig. Ct. N.Y. City Oct. 23, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision, that is, minus the IJ's alternative bases for denying relief that the BIA did not consider. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007)

2

(explaining that the Court "may consider only those issues that formed the basis for [the BIA's] decision."). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Removability

Under 8 U.S.C. § 1252(a)(2)(C) and (D), our jurisdiction is limited to constitutional claims and questions of law because Zheng is removable for having been convicted of a controlled substance offense. Zheng conceded removability on this ground both before the IJ and on appeal to the BIA, and is bound by these concessions. *See Hoodho v. Holder*, 558 F.3d 184, 192-93 (2d Cir. 2009). Further, his argument, that immigration authorities prevented him from complying with a condition of his guilty plea that would have prevented a felony conviction, takes issue with the validity of his conviction, not with whether it is a removable offense. A collateral attack on a conviction is not available in a removal proceeding. *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009) (per curiam).

Zheng does not challenge the agency's conclusion that his assault conviction is a crime involving moral turpitude

that renders him removable.  *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (declining to review issues not raised in brief).

## II.  Eligibility for Relief from Removal

The agency denied withholding of removal, under both the Immigration and Nationality Act ("INA") and the CAT, on the ground that Zheng's assault conviction was a particularly serious crime rendering him ineligible for those forms of relief.  Zheng contends that the agency made a factual error when it found that he used a weapon to commit the assault.

Withholding of removal, under both the INA and the CAT, is unavailable to an alien who has been convicted of a particularly serious crime.  8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).  When considering a felony conviction for which the term of imprisonment is less than five years, the IJ must make an individualized inquiry as to whether the conviction rose to the level of a "particularly serious crime."  8 U.S.C. § 1231(b)(3)(B)(iv).  The following factors are considered: "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most

4

importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *In re Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982); *see also Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008) (applying these factors). We retain jurisdiction to review whether the agency considered these factors, but the weighing of the factors is discretionary. *See Nethagani*, 532 F.3d at 154-55 (holding that statute restricting review of discretionary decisions does not apply to determination that crime is particularly serious, but describing the factor analysis as discretionary). Our role is not to "reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record." *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (internal citation and quotation marks omitted).

The record reflects that the IJ listed the factors, and weighed them in light of Zheng's testimony, presentencing report, and certificate of disposition. The IJ addressed each factor, considering: (1) the nature of assault in the third degree, which involves intentionally causing physical injury to another person; (2) the circumstances of the

5

crime, including that Zheng acted with others, some of whom used a weapon (a metal baton), to beat the victim, who was hospitalized; (3) the sentence imposed, which was probation; and (4) his dangerousness to the community, which was evident because he attacked the victim violently on two consecutive days.  As the IJ considered each factor, we find no error in the determination that the assault was a particularly serious crime.  Moreover, Zheng's allegation of factual error is belied by the record.  Neither the IJ nor the BIA found that Zheng personally wielded a weapon.  In summarizing Zheng's testimony, the IJ stated that "[t]he co defendants used a metal baton to hit the victim," and the BIA stated that "the respondent, acting in concert with two other attackers, struck the victim with a metal baton.," meaning that Zheng was responsible for what another attacked, with whom he acted in concert, did.

Zheng has not raised any challenge in this Court to the agency's denial of deferral under the CAT.  Accordingly, any error in that determination has been forfeited. *See Yueqing Zhang*, 426 F.3d at 541 n. 1.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Zheng's pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk