**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1586
_____

ANTONIO SALVATORE GRECO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A024-574-463)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed:  February 20, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se petitioner Antonio Greco petitions for review of a final order of removal. For the reasons detailed below, we will dismiss the petition in part and deny it in part.

Greco, a native of Italy, entered the United States without inspection in 1980. In 2014, he was charged as removable on the following three grounds: (1) he entered the United States without inspection; (2) he was convicted of a crime involving moral turpitude; and (3) he knowingly made a false claim to U.S. citizenship when he twice applied for and received a United States passport. Greco disputed the third charge, arguing before the Immigration Judge (IJ) that he had been naturalized as a United States citizen.

Ultimately, Greco and the Government negotiated a resolution to the three charges—the Government withdrew the false-claim-to-citizenship charge, while Greco conceded that he was not an American citizen and that he was removable on the other two grounds. See A.R. at 837; 8-9. Greco then sought to prevent his removal by applying for an adjustment of status under 8 U.S.C. § 1255 based on his 2015 marriage to an American citizen.[1] Greco argued that his removal would cause his wife to endure extreme hardship.

After a series of hearings, the IJ denied Greco's application to waive his

---

[1] Because one of the eligibility requirements for relief under § 1255 is admissibility to the United States, and Greco was inadmissible because of his crime involving moral turpitude, he also sought a waiver of his inadmissibility pursuant to 8 U.S.C. § 1182(h)(1)(B). Section 1182(h)(1)(B) authorizes the Government to waive an alien's inadmissibility if he proves that his removal would result in an extreme hardship to a qualifying relative. See 8 U.S.C. § 1182(h)(1)(B).

inadmissibility under § 1182(h)(1)(B). The IJ began by noting, for the record, that he believed that Greco had not knowingly submitted a false claim for a passport. Nevertheless, the IJ denied Greco's request for a § 1182 waiver of his criminal history because Greco had not shown that his wife would suffer extreme hardship upon his removal.

Greco appealed the IJ's ruling to the Board of Immigration Appeals (BIA). He argued only one issue—that the IJ erred in determining that his wife would not suffer extreme hardship upon his removal. The BIA dismissed his appeal, adopting the IJ's conclusion that Greco had not shown that his wife's difficulties would rise to the level of extreme hardship. Greco then filed a petition for review in this Court.

We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). However, in his brief, Greco argues almost exclusively that, contrary to the agency's ruling, his wife would suffer an extreme hardship for purposes of § 1182(h) if he is removed. Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under section 1182(h)." While we may still review legal issues, see Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (per curiam), Greco has argued only that he presented sufficient evidence to establish that his removal would cause his wife extreme hardship, which is not reviewable, see id. Thus, to the extent that Greco pursues this claim, we dismiss the petition for review for lack of jurisdiction.

Greco also argues that he is a United States citizen. We have jurisdiction over citizenship claims. See § 1252(b)(5); see also Brandao v. Att'y Gen., 654 F.3d 427, 428 (3d Cir. 2011). However, before the IJ, Greco conceded, through counsel, that he is not an American citizen. We typically treat concessions before the agency as binding, see Calla–Collado v. Att'y Gen., 663 F.3d 680, 683 (3d Cir. 2011) (per curiam); Hoodho v. Holder, 558 F.3d 184, 191-93 & n.6 (2d Cir. 2009), and are disinclined to permit litigants set aside a stipulation like this simply because it ultimately did not work out in their favor, see Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 275 (3d Cir. 2002); cf. United States v. Erwin, 765 F.3d 219, 230-31 (3d Cir. 2014).[2]

While we might disregard a concession made before the agency in "egregious circumstances," Hoodho, 558 F.3d at 192 (quoting In re Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986)), we see no basis to do so here. Critically, while Greco argued in passing in his brief that he is a United States citizen, he did not develop this claim in any meaningful way. Further, before the agency, his primary evidence in support of this claim was his own testimony, and his testimony was vague and sometimes inconsistent.

---

[2] It appears that Greco agreed to abandon his citizenship claim in order to clear away a potential impediment to his request to adjust his status. That is, if the IJ had sustained the Government's charge that Greco had falsely claimed to be citizen to obtain a passport, Greco would not have been eligible to adjust his status because only admissible aliens can adjust status, see 8 U.S.C. § 1255(a)(2), an alien who has falsely represented himself to be a citizen to obtain an immigration benefit is not admissible, see § 1182(a)(6)(C)(ii)(I), and that particular charge (unlike the charge of having committed a crime involving moral turpitude) is not waivable, see § 1182(a)(6)(C)(iii); Dakura v. Holder, 772 F.3d 994, 998 (4th Cir. 2014).

For instance, while Greco claimed in his written materials that he had been naturalized in February 1985, see A.R. at 470, he testified that it had occurred in 1994 or 1995, see A.R. at 170.  Accordingly, we will deny the petition for review insofar as it asserts a claim of citizenship.

Thus, we will dismiss the petition for review in part and deny it in part.[3]

---

[3] The Government has filed a motion to dismiss the petition for review for lack of jurisdiction.  For the reasons set forth in this opinion, to the extent that the motion concerns Greco's citizenship claim, it is denied, and to the extent that it concerns Greco's application under § 1182(h), it is granted.