*Greiven Valverde-Urena v. Barr*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand nineteen.**

PRESENT:    JOHN M. WALKER, JR.,
                JOSÉ A. CABRANES,
                ROBERT D. SACK,
                      *Circuit Judges.*

---

LUIS GREIVEN VALVERDE-URENA,

          *Petitioner,*                18-82

          v.

WILLIAM P. BARR, UNITED STATES ATTORNEY
GENERAL,

          *Respondent.*[*]

---

    [*] The Clerk of Court is directed to amend the caption as set out above.

**FOR PETITIONER:**                                Jose Perez, Syracuse, NY.

**FOR RESPONDENT:**                                Andrew Oliveira, Trial Attorney (Joseph
                                                   H. Hunt, Assistant Attorney General, Carl
                                                   McIntyre, Assistant Director, *on the brief*),
                                                   Office of Immigration Litigation, Civil
                                                   Division, U.S Department of Justice,
                                                   Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Luis Greiven Valverde-Urena ("Petitioner"), a native and citizen of Costa Rica, seeks review of a December 11, 2017, decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a March 8, 2017 decision of an Immigration Judge ("IJ") ordering his removal and denying his request for a continuance. *In re Luis Greiven Valverde-Urena,* No. A 205 703 292 (B.I.A. Dec. 11, 2017), *aff'g* No. A 205 703 292 (Immig. Ct. Buffalo Mar. 8, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an IJ's denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). We will, however, find an IJ to have abused his discretion in denying a continuance if "(1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 551-52 (internal citations and brackets omitted). On appeals from the BIA, we review findings of fact under the "substantial evidence" standard. *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. According to BIA precedent, to successfully challenge the denial of a continuance, "an alien at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that . . . [the] denial caused him actual prejudice and harm and materially affected the outcome of his case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356-57 (B.I.A. 1983).

Petitioner argues that the IJ should have granted an (additional) continuance to permit him time to prepare a written motion to suppress the Form I-213. Br. Petitioner 10. Petitioner argues that he required additional time to file this motion because a new President of the United States was

elected four months previously and had recently implemented new enforcement priorities. *Id.* Moreover, had he been granted a continuance, Petitioner argues, the Form I-213 would have been suppressed due to an egregious violation of the Fourth Amendment. *Id.*

After review of the whole record, we reject Petitioner's arguments.

First, we agree with the BIA's conclusion that Petitioner did not demonstrate "good cause" for such a continuance "in view of his prior admission of the factual allegations and concession of removability upon the advice of counsel." B.I.A. Order at 2. As we have previously explained, absent "egregious circumstances, [an alien] remains bound by his attorney's concession of removability." *Hoodho v. Holder*, 558 F.3d 184, 193 (2d Cir. 2009). Moreover, where an "IJ accepts a concession of removability from retained counsel and that concession is not contradicted by the record evidence, the circumstances are not egregious" *Id.* at 192 (internal quotation marks omitted). Similarly, "tactical decisions that ultimately fizzle" and ordinary mistakes are not considered egregious errors. *Id.* at 193. Here, Petitioner does not claim his counsel's conduct was egregious or that his concession is contradicted by record evidence. Admin. Rec. 104. Accordingly, Petitioner's prior admissions and concession remain in force, and so a continuance would have served no purpose.

Second, we agree with the BIA's conclusion that Petitioner did not demonstrate "good cause" for such a continuance in light of his extensive opportunity for preparation. At the time of the final hearing in March 2017, about two years had elapsed since Petitioner was first served with the Form I-213. Admin Rec. 68, 115-20. Petitioner was represented by counsel at the May 2015 hearing, and counsel acknowledged service of the document. *Id.* at 68. While Petitioner's counsel explained that he did not file a motion to suppress earlier because he had been pursuing prosecutorial discretion, that failed tactical decision does not explain why counsel was not prepared in the event of a denial. Petitioner therefore did not demonstrate that his lack of preparation occurred despite a "good faith effort to be ready to proceed." *Matter of Sibrun*, 18 I. & N. Dec. at 356.

Finally, Petitioner did not demonstrate prejudice because he offered no sustainable basis for the suppression of Form I-213. Suppression of evidence in removal proceedings is warranted if there has been an egregious and fundamentally unfair Fourth Amendment violation or where a Fourth Amendment violation undermined the reliability of the evidence. *See Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984). As we have previously explained, an alien challenging the admissibility of evidence in removal proceedings "must come forward with proof establishing a prima facie case" for suppression. *Cotzojay v. Holder*, 725 F.3d 172, 178 (2d Cir. 2013) (quoting *Matter of Barcenas,* 19 I. & N. Dec. 609, 611 (B.I.A.1988). Such a prima facie case requires, at the least, an affidavit (and eventually, testimony). *Id.* Here, Petitioner presented no such prima facie case; in fact, Petitioner presented no evidence at all. Counsel's assertions that Petitioner was initially stopped by police due to his race are,

in fact, inconsistent with the account in Form I-213 and unsupported by any other evidence.  Br. Petitioner at 23, Admin Rec. 117. Accordingly, there was no basis for suppression, and thus no prejudice from the lack of continuance.

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk