18-483
Czyz v. Barr

BIA
A073 592 994

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand twenty.

PRESENT:
DENNIS JACOBS,
ROSEMARY S. POOLER,
DENNY CHIN,
*Circuit Judges.*
_____

SEBASTIAN CZYZ,
*Petitioner,*

v.                                          18-483
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:           Dana R. Bucin, Barry J. Waters,
                          Murtha Cullina LLP, Hartford, CT.

FOR RESPONDENT:           Joseph H. Hunt, Assistant
                          Attorney General; Rebekah Nahas,
                          Katherine A. Smith, Trial
                          Attorneys, Office of Immigration
                          Litigation, United States
                          Department of Justice, Washington,
                          DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the motion to hold the petition for review in abeyance and the petition for review are DENIED.

Petitioner Sebastian Czyz, a native and citizen of Poland, seeks review of a February 12, 2018, decision of the BIA, denying his motion to reopen. *In re Sebastian Czyz,* No. A073 592 994 (B.I.A. Feb. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

<u>Motion to Reopen</u>

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Czyz's 2017 motion to reopen was untimely because it was filed more than 18 years after his 1999 removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) ("[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."); 8 C.F.R. § 1003.2(c)(2) (same).

Ineffective assistance of counsel can be a basis for equitable relief from the time limitation on motions to reopen. *See Iavorski v. U.S. INS*, 232 F.3d 124, 127 (2d Cir.

2

2000). The BIA found Czyz's ineffective assistance claim foreclosed because he failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), which requires a movant to file an affidavit detailing his agreement with former counsel and submit proof that he notified former counsel and the proper disciplinary authority of his allegations. Czyz does not challenge that finding in his brief and thus we need not consider it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Regardless, the BIA did not err. In his motion, Czyz stated that he would file the affidavit required by *Lozada*, but he did not do so. *See Lozada*, 19 I. & N. Dec. at 639. That was particularly problematic because his motion did not specify how his former attorneys were ineffective.

Sua Sponte Reopening Authority

Because Czyz did not demonstrate that the time limitation applicable to his motion should be excused, "his motion to reopen could only be considered upon exercise of the [BIA's] *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518

3

(2d Cir. 2006).  However, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469.

Czyz has not shown that the BIA misperceived the law in declining to reopen sua sponte.  He argues that when the agency revoked his lawful permanent resident status as improvidently granted, it should have returned him to his prior status as a nonimmigrant student.  The BIA did not err in declining to reopen sua sponte to revisit the issue of Czyz's removability because he had conceded that he was removable after his permanent resident status was revoked 19 years earlier and he was bound by that concession.  *See In re G-D-*, 22 I. & N. Dec. 1132, 1133–34 (BIA 1999) ("[W]e invoke our sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations."); *see also Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) (recognizing that noncitizens are bound by an

4

attorney's concession of removability). Czyz does not otherwise challenge the BIA's decision declining to reopen sua sponte.

Motion to Hold Petition in Abeyance

Czyz moves to hold his petition in abeyance pending decision by the BIA on his third motion to reopen. We decline to do so because he is not likely to succeed on his motion to reopen or in a petition for review from the denial of that motion. In his motion to reopen, Czyz argues that the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), renders him eligible for cancellation of removal and invalidates his Notice to Appear ("NTA") because his NTA omitted the hearing date and time.

In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing date and time to trigger the "stop-time rule," 138 S. Ct. at 2113–20, which cuts off an alien's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). Although Czyz's NTA did not set a hearing date and time, he was served five days later with a hearing notice setting his hearing date and time, and he subsequently

5

participated in his removal proceedings.  Therefore, the issue here, unlike the issue in *Pereira* where proper notice of hearing was never served, 138 S. Ct. at 2112, is whether Czyz's defective NTA was cured and the time stopped by the subsequent properly served hearing notice.

The BIA has held that "where a notice to appear does not specify the time or place of an alien's initial removal hearing, the subsequent service of a notice of hearing containing that information perfects the deficient notice to appear, triggers the 'stop-time' rule, and ends the alien's period of continuous residence or physical presence in the United States."  *Matters of Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520, 529 (BIA 2019).  And although we have not addressed this issue following *Pereira*, we held the same pre-*Pereira*, concluding "that the stop-time rule is triggered upon service of a Notice to Appear that (alone or in combination with a subsequent notice) provides the notice required."  *Guamanrrigra v. Holder*, 670 F.3d 404, 410 (2d Cir. 2012).  Accordingly, there is likely no merit to Czyz's argument that he continued to accrue sufficient physical presence for purposes of cancellation of removal after December 1998 when he was properly served with both an NTA

6

and a hearing notice.

Czyz's argument that his defective NTA was insufficient to vest the immigration court with jurisdiction over his removal proceedings is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) ("We conclude that an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien.").

For the foregoing reasons, the motion to hold the petition for review in abeyance and the petition for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```