Musthafa v. Garland

BIA
Navarro, IJ
A208 097 184

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-two.

PRESENT:
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
EUNICE C. LEE,
*Circuit Judges.*

_____

MOHAMED IRFAN SHAHUL HAMEED MUSTHAFA,
*Petitioner*,

v.                                                      21-6137
                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:              Visuvanathan Rudrakumaran,Esq.,
                             Law Office of Visuvanathan
                             Rudrakumaran, New York, NY.

**FOR RESPONDENT:**            Brian Boynton, Acting Assistant
                              Attorney General; Anna E. Juarez,
                              Senior Litigation Counsel; Evan P.
                              Schultz, Trial Attorney, Office of
                              Immigration Litigation, United
                              States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Irfan Shahul Hameed Musthafa, a native and citizen of Sri Lanka, seeks review of a February 11, 2021, decision of the BIA affirming a March 9, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.[1] *In re Mohamed Irfan Shahul Hameed Musthafa,* No. A 208 097 184 (B.I.A. Feb. 11, 2021), *aff'g* No. A 208 097 184 (Immigr. Ct. N.Y. City Mar. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We construe the Government's motion for summary denial as its brief because Musthafa has filed his brief, and we

---

[1] The IJ granted withholding and deferral of removal under the Convention Against Torture, and the BIA did not disturb that ruling.

review the petition on its merits. *See United States v. Davis*, 598 F.3d 10, 13–14 (2d Cir. 2010) (holding that summary denial is "a rare exception" limited to "truly frivolous" appeals). Musthafa argues that the agency erred in declining to consider asylum and withholding of removal based on religion and imputed political opinion and in declining to remand to permit him to present new evidence of increased tensions between Buddhists and Muslims.

I.   Asylum and Withholding of Removal

An applicant for asylum and withholding of removal has the burden of showing past persecution or a fear of persecution "on account of" a protected ground, "race, religion, nationality, membership in a particular social group, or political opinion."   8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A).

The crux of Musthafa's arguments on appeal concerns whether the BIA properly deemed his claims for asylum based on religion and imputed political opinion waived. When the BIA has held a claim waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555-56 (2d Cir. 2015).

"[A]liens—like all other parties to litigation—are bound by the concessions of freely retained counsel." *Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009). At his hearing before the IJ, Musthafa, through counsel, stated that he had no evidence to support a religious persecution claim, that he was not raising a political opinion claim, and that he wanted to brief claims based on particular social groups. Accordingly, the BIA did not err in concluding that he failed to raise religion and political opinion claims before the IJ. Musthafa's subsequent assertion in his written closing submission that he merited relief based on imputed political opinion did not relieve him of his prior concession. *Id.* at 192 (noting that only "'egregious circumstances' can free an alien from his attorney's admissions"). On this record, the BIA reasonably determined that Musthafa had abandoned claims based on religion and political opinion. *See Prabhudial*, 780 F.3d at 555 ("[W]e conclude that where the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised before the IJ, we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in

4

a petition for judicial review.").

II. Motion to Remand

We review a motion to remand for consideration of new evidence for abuse of discretion. *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir. 2005). The agency has broad discretion to deny a motion to remand grounded in new evidence and may do so, as relevant here, if the movant fails to meet "the heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Id.* at 156 (quotation marks omitted).

Musthafa, who is Muslim, argues that evidence of Buddhist attacks on Muslims that occurred in Sri Lanka after his 2018 merits hearing warranted remand because those attacks escalated religious tensions in the country and Musthafa had been harassed on account of his religion in the past. But Musthafa's new evidence reflected that Buddhist militantism against the Muslim minority began surging in 2009, long before his 2018 merits hearing. On this record, the BIA did not abuse its discretion by concluding that the events in 2019 represented a continuation of tensions between Muslims and Buddhists and that remand was not warranted because Musthafa

could have, but did not, press a claim of religious persecution before the IJ. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (an abuse of discretion may be found when the BIA decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements").

For the foregoing reasons, we construe the Government's motion for summary denial as its brief and DENY the petition for review. All other pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6