23-6096
Huang v. Garland

BIA
Thompson, IJ
A205 843 677

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

SHI QIN HUANG,
> *Petitioner,*

v.                                                                23-6096
                                                                  NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               H. Esteban Figueroa-Brusi, Samokhleb &
                              Bitterman Law Group, New York, NY.

**FOR RESPONDENT:**　　　　　　Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shi Qin Huang, a native and citizen of the People's Republic of China, seeks review of a January 20, 2023, decision of the BIA affirming an October 9, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Qin Huang,* No. A 205 843 677 (B.I.A. Jan. 20, 2023), *aff'g* No. A 205 843 677 (Immig. Ct. N.Y. City Oct. 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's implausibility finding. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.4d 520, 522 (2d Cir. 2005). We review questions of law de novo, and we review factual findings, including adverse credibility determinations, "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the adverse credibility determination.

The agency reasonably relied on Huang's inconsistent testimony regarding

3

when he first learned about Christianity. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Huang initially testified that he first heard of Christianity in 2010, but a few questions later, he responded that his father told him about Christianity in 2009. Huang contends that the IJ failed to give him an opportunity to explain the inconsistency. Even assuming this is a non-dramatic inconsistency that required an opportunity for explanation, *see Ming Shi Xue v. Bd. of Immigr. Appeals*, 439 F.3d 111, 125 (2d Cir. 2006), the IJ gave Huang an opportunity to reconcile his testimony. At the end of witness testimony, the IJ pointed out Huang's inconsistent testimony as to when he learned about Christianity and asked his counsel, "how would you have me address his credibility." Huang's counsel argued that Huang's statements that he was nervous and could not remember dates from so long ago were compelling, and did not ask for re-direct to clarify the issue with additional testimony. Thus, Huang had an opportunity to address the discrepancy and "cannot avoid the consequences of the acts or omissions of [his] freely selected [counsel]." *Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009).

The agency also reasonably relied on inconsistencies as to when Huang began attending church. He testified that he never attended church prior to December 2010. But affidavits from his mother, neighbor, and cousin stated that

4

Huang's father "often" took Huang to church, but it was not until Huang's grandmother died in December 2010 that Huang seemed interested in the church services. Huang's explanations for this inconsistency introduced additional inconsistencies. He offered conflicting explanations that his father had tried to convince him to attend, that he went but did not know it was a church, that his cousin and neighbor were mistaken that he had gone, and that he went three times.

The agency did not err in rejecting Huang's explanations for either inconsistency. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quotation marks omitted). Huang's explanations that he was nervous and had a poor memory are not compelling or supported by the record. He never testified that he had trouble remembering dates until after he was confronted with inconsistencies. Huang now argues that these inconsistencies were immaterial, and the agency gave them too much weight. These arguments fail because the agency may rely on inconsistencies regardless of whether they "go[] to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii), and these did because Huang's claim was premised on his

5

attendance at an unauthorized house church, *see Singh v. Garland*, 6 F.4th 418, 431 (2d Cir. 2021) ("The more serious the inconsistency – *i.e.*, the greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency – the more substantial that evidence is in casting doubt on the petitioner's credibility.").

Huang's remaining arguments lack merit. The record does not support his claim that the BIA applied the wrong standard of review. The BIA identified the correct standards and concluded that the IJ's credibility determination was "not clearly erroneous." Huang points to the BIA's decision not to rely on the IJ's implausibility finding as evidence it reviewed fact-finding de novo, but it is well-settled that the BIA may affirm portions of an IJ's decision. *See Malets v. Garland*, 66 F.4th 49, 53 (2d Cir. 2023) (reaffirming that we review an IJ's adverse credibility determination minus any grounds explicitly rejected by the BIA). The BIA's conclusion that the two other inconsistencies supported the adverse credibility determination likewise does not exceed its authority or constitute de novo review. *See Belortaja v. Gonzales*, 484 F.3d 619, 624–25 (2d Cir. 2007) (concluding that the BIA's "reevaluation of evidence obtained by the IJ previously" did not exceed the

6

BIA's factfinding authority). Lastly, Huang seemingly argues that remand is required because the IJ did not give alternative and independent grounds for his decision absent the implausibility finding that the BIA declined to adopt, but the IJ explicitly found that "in and of itself [Huang's] testimony with regard to his being brought to church and his church attendance in China is sufficient to support an adverse credibility finding."

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court