Andrade-Meza v. Bondi

BIA
Brennan, IJ
A200 034 824

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

VICTOR RAMON ANDRADE-MEZA,
> *Petitioner,*

v.                                                            **23-6057**
                                                             **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Daniel Christmann, Christmann Legal,
                                   Cornelius, NC.

**FOR RESPONDENT:** Brett A. Shumate, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Madeline Henley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Victor Ramon Andrade-Meza, a native and citizen of Honduras, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his motion to rescind his *in absentia* removal order and reopen his removal proceedings. *See In re Victor Ramon Andrade-Meza*, No. A200 034 824 (B.I.A. Oct. 25, 2022), *aff'g*, No. A200 034 824 (Immigr. Ct. N.Y.C. Nov. 13, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

"[W]e review the decision of the IJ as supplemented by the BIA," though we will only consider the grounds for the IJ's decision that the BIA relied on. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Motions to reopen *in absentia* removal proceedings are governed by different rules depending on whether the movant seeks to rescind a final removal order or to present new evidence of

eligibility for relief from removal. *See Song Jin Wu v. INS*, 436 F.3d 157, 161 n.1 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353–55 (B.I.A. 1998). Accordingly, where, as here, an alien files a motion that seeks both rescission of an *in absentia* removal order and the reopening of removal proceedings based on new evidence of eligibility for relief, we treat the motion "as comprising two distinct motions, which we review under different substantive standards." *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). Nevertheless, we review both the denial of a motion to rescind an *in absentia* removal order and the denial of a motion to reopen for abuse of discretion. *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) ("An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (internal quotation marks omitted)).

### A. Motion to Rescind

An order of removal entered *in absentia* "may be rescinded only . . . upon [(1)] a motion to reopen filed within 180 days after the date of the order of removal

if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . or . . . [(2)] upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C). Here, there is no dispute that Andrade-Meza did not file his motion to reopen within 180 days after the date of the order of removal, and he has not argued that he is entitled to the benefit of equitable tolling, so the first exception clearly is not available. As to the second exception, Andrade-Meza conceded that he received notice in his motion to rescind before the IJ. *See Hoodho v. Holder*, 558 F.3d 184, 191–92 (2d Cir. 2009) (considering an alien's prior concession in removal proceedings). And to the extent Andrade-Meza contends that he did not receive *adequate* notice, the BIA correctly found that the argument had been waived. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ."). In any event, as the BIA noted, Andrade-Meza was personally served with notice of his hearing, the record reflects that Andrade-Meza was orally informed in Spanish of the hearing time and place as well as the consequences for failing to appear, and Andrade-Meza has offered no evidence, in his sworn affidavit or otherwise, suggesting that he did

4

not understand his obligation to appear at his hearing and the consequences for failing to do so. Accordingly, the agency did not abuse its discretion in denying Andrade-Meza's motion to rescind.

## B. Motion to Reopen

It is undisputed that Andrade-Meza's 2020 motion to reopen was untimely filed more than 15 years after his removal order became final in 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting a 90-day deadline for motion to reopen); 8 C.F.R. § 1003.23(b)(1) (same). But the 90-day time limit does not apply if (1) reopening is for the purpose of seeking asylum, (2) the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," and (3) the evidence of such changed conditions "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i). "When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 & n.10 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)).

5

Here, the BIA did not err in finding that Andrade-Meza failed to establish a material change in conditions in Honduras based on the death of his brother in 2018. As the agency correctly noted, Andrade-Meza only submitted evidence of recent hardship suffered by his family, and he did not submit any evidence that would have allowed the BIA to compare current conditions in Honduras to the conditions at the time of his prior hearing. Accordingly, because the agency reasonably concluded that Andrade-Meza failed to demonstrate a material change in conditions in Honduras, it did not abuse its discretion in denying his motion to reopen as untimely. *Id.*; *see also* 8 U.S.C. § 1229a(c)(7)(C).

\*      \*      \*

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6